**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST IMMIGRANT ) <br> RIGHTS PROJECT, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES CITIZENSHIP ) <br> AND IMMIGRATION SERVICES, ) <br> ) <br>     Defendant. ) <br> ) | Case No. 19-cv-03283-RDM |

**PLAINTIFF'S MOTION TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and (d), plaintiff Northwest Immigrant Rights Project hereby moves for leave to file the attached amended and supplemental complaint on the ground that justice so requires, as amendment and supplementation will promote economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or prejudice, and is not futile. Defendant has indicated that it takes no position on some aspects of the proposed complaint and opposes some aspects.[1]

In support of this motion, plaintiff submits the accompanying memorandum of law, its proposed Second Amended and Supplemental Complaint, a redline comparing the proposed

---

[1] Defendant's counsel asked that its position be represented as follows: "Defendants take no position on Plaintiffs' request to supplement their complaint to add claims challenging the 2020 rule, to the extent those claims relate to events that have transpired after Plaintiffs amended their complaint as of right and, thus, could not have been included at that time. Defendants oppose, however, Plaintiffs' attempt to amend their amended complaint by adding challenges to the 2019 revisions that could have been brought previously. Specifically, Plaintiff's proposed tenth and eleventh causes of action purport to add challenges to the 2019 fee waiver revisions on new grounds."

complaint to the First Amended Complaint, Dkt. No. 9, and a proposed order. The redline omits demarcations of changed style definitions.

Dated: August 21, 2020                          Respectfully submitted,

                                               /s/ Rebecca Smullin

Matt Adams (WSBA No. 28287)                     Rebecca Smullin (D.C. Bar No. 1017451)
Aaron Korthuis (WSBA No. 53974)                 Adina H. Rosenbaum (D.C. Bar No. 490928)
Northwest Immigrant Rights Project              Michael T. Kirkpatrick (DC Bar No. 486293)
615 Second Avenue, Suite 400                    Public Citizen Litigation Group
Seattle, WA 98104                               1600 20th Street NW
206-957-8611                                    Washington, DC 20009
                                                 202-588-1000

Counsel for Plaintiff Northwest Immigrant Rights Project

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Case No. 19-cv-03283-RDM |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

Matt Adams (WSBA No. 28287)
Aaron Korthuis (WSBA No. 53974)
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
206-957-8611

Rebecca Smullin (D.C. Bar No. 1017451)
Adina H. Rosenbaum (D.C. Bar No. 490928)
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000

Counsel for Plaintiff Northwest Immigrant Rights Project

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 1

      A. Immigration fees and fee waivers ............................................................................ 1

      B. DHS actions to restrict fee waivers and increase fees.............................................. 2

      C. History of this litigation ............................................................................................ 4

      D. Proposed complaint ................................................................................................... 5

LEGAL STANDARD............................................................................................................. 6

ARGUMENT .......................................................................................................................... 6

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Allina Health Services v. Sebelius*,
    746 F.3d 1102 (D.C. Cir. 2014) ..................................................................................9

*Amerijet International, Inc. v. Pistole*,
    753 F.3d 1343 (D.C. Cir. 2014) ................................................................................10

*Bauer v. DeVos*,
    325 F. Supp. 3d 74 (D.D.C. 2018) ..............................................................................7

*Bayatfshar v. Aeronautical Radio, Inc.*,
    934 F. Supp. 2d 138 (D.D.C. 2015) ............................................................................6

*Boyd v. District of Columbia*,
    465 F. Supp. 2d 1 (D.D.C. 2006) ................................................................................6

*City of Seattle v. DHS*,
    No. 3:19-cv-07151-MMC (N.D. Cal. filed Oct. 29, 2019) .........................................4

*Does I through III v. District of Columbia*,
    815 F. Supp. 2d 208 (D.D.C. 2011) ............................................................................9

*Fred Meyer Stores, Inc. v. NLRB*,
    865 F.3d 630 (D.C. Cir. 2017) ..................................................................................10

*Fund for Animals v. Hall*,
    246 F.R.D. 53 (D.D.C. 2007) ..................................................................................7, 8

*Hall v. CIA*,
    437 F.3d 94 (D.C. Cir. 2006) ..................................................................................6, 7

*International Union, United Mine Workers of America v. Mine Safety & Health
    Administration*, 626 F.3d 84 (D.C. Cir. 2010) ........................................................10

*L.M.-M. v. Cuccinelli*,
    442 F. Supp. 3d 1 (D.D.C. 2020) ..............................................................................11

*Motor Vehicle Manufacturers Association of U.S. v. State Farm Mutual Auto. Ins. Co.*,
    463 U.S. 29 (1983) ...................................................................................................10

*Powell v. IRS*,
    263 F. Supp. 3d 5 (D.D.C. 2017) ............................................................................6, 7

*Shands Jacksonville Med. Ctr. v. Burwell*,
   139 F. Supp. 3d 240 (D.D.C. 2015) ...............................................................................9

*U.S. Association of Reptile Keepers, Inc. v. Jewell*,
   103 F. Supp. 3d 133 (D.D.C. 2015) ...............................................................................7

*Wildearth Guardians v. Kempthorne*,
   592 F. Supp. 2d 18 (D.D.C. 2008) .................................................................................6

*Xingru Lin v. District of Columbia*,
   319 F.R.D. 1 (D.D.C. 2016) .......................................................................................6, 7

*Zukerman v. USPS*,
   961 F.3d 431 (D.C. Cir. 2020) .......................................................................................7

**STATUTES, REGULATIONS, AND FEDERAL REGISTER NOTICES**

5 U.S.C. § 553 ......................................................................................................................8

5 U.S.C. § 706(2)(A) ..........................................................................................................10

5 U.S.C. §§ 3345-3349 ........................................................................................................5

6 U.S.C. § 113(g) .................................................................................................................5

8 U.S.C. § 1186a(c) ..........................................................................................................2, 9

8 U.S.C. § 1255(*l*)(7) ...........................................................................................................9

8 U.S.C. § 1356(m) ..........................................................................................................1, 9

8 U.S.C. § 1452(a) ...............................................................................................................9

8 C.F.R. § 103.7(c) ..............................................................................................................2

81 Fed. Reg. 73,292 (Oct. 24, 2016) ...................................................................................1

84 Fed. Reg. 26,137 (June 5, 2019) ....................................................................................3

84 Fed. Reg. 62,280 (Nov. 14, 2019) ..................................................................................3

85 Fed. Reg. 46,788 (Aug. 3, 2020) ...........................................................................3, 4, 8

**OTHER**

Federal Rule of Civil Procedure 15 ........................................................................................5

Federal Rule of Civil Procedure 20 ........................................................................................8

Federal Rule of Civil Procedure 21 ........................................................................................6

GAO, *Homeland Security*, File B-331650, at 4-11 (Aug. 14, 2020),
    https://www.gao.gov/assets/710/708830.pdf ..........................................................10

## INTRODUCTION

The Department of Homeland Security (DHS) charges significant application fees for vital immigration benefits. Over the past year, DHS has taken a series of actions that could put naturalization, employment authorization, asylum, and other immigration benefits out of reach for low-income immigrants by making applications cost more. The first actions, in October 2019, were changes to forms and manuals adopted by DHS component U.S. Citizenship and Immigration Services (USCIS) to restrict the ways in which individuals could qualify for fee waivers. Plaintiff Northwest Immigrant Rights Project (NWIRP) filed this suit to challenge those actions. Shortly after the 2019 actions, DHS proposed a rule that would reiterate many of the changes that USCIS had sought to make through the form and manual changes. The proposed rule also sought to further restrict fee waivers, significantly increase existing fees for many important immigration benefits, and impose new fees on applications for other essential immigration benefits. On August 3, 2020, DHS finalized that rule. NWIRP now seeks to amend and supplement its complaint to challenge this latest DHS action. The proposed complaint will promote economic resolution of the controversy by enabling the parties to address related actions and overlapping issues in the same case.

## BACKGROUND

**A. Immigration fees and fee waivers**

Immigrant families can face hundreds or thousands of dollars in USCIS fees when they seek to work, live, or become a citizen in the United States. *See generally* 81 Fed. Reg. 73,292, 73,294 (Oct. 24, 2016) (setting fees of more than $600 to seek naturalization and more than $1,100 to become a lawful permanent resident). The Immigration and Nationality Act (INA) contemplates that the government can charge immigration fees to recoup certain costs associated with

immigration "adjudication and naturalization services." 8 U.S.C. § 1356(m). But at the amounts set by DHS rules, immigration fees can become insurmountable obstacles for low-income immigrants. And when an immigrant is forced to forgo an immigration-benefits application because the fee is too expensive, the consequences can be devasting. An immigrant may have his or her legal status terminated and may become subject to removal proceedings. An immigrant who cannot afford to apply for employment authorization may have no legal permission to work. And when a domestic violence victim cannot afford to seek protection through humanitarian benefits, she may have to suffer longer at the hands of an abuser. *See* Dkt. 9 at 4 (¶¶ 15-16); Dkt. 11 at 11-14; *see also e.g.*, 8 U.S.C. § 1186a(c)(2) (regarding termination of conditional permanent residency based on failure to submit a petition by the statutory deadline).

Pursuant to a 2010 regulation, DHS allows waivers of many USCIS fees for individuals "unable to pay." 8 C.F.R. § 103.7(c)(1)(i). A 2011 USCIS memorandum sets out a three-part framework for immigrants seeking fee waivers under that provision. First, individuals can establish their fee-waiver eligibility by showing they receive certain government "means-tested" benefits. Second, individuals are generally eligible if their income is at or under 150 percent of the federal poverty guidelines. Third, individuals can be eligible if they are suffering hardship. *See* Dkt. 9 at 5-6 (¶¶ 22-25); Dkt. 11 at 15-17.

**B. DHS actions to restrict fee waivers and increase fees**

In October 2019, DHS began a series of actions that will make it harder for immigrants to pay for immigration benefits. That month, USCIS changed its fee-waiver form, amended a policy manual, and set the 2011 Memorandum to expire. When implemented, these October 2019 fee-waiver actions will restrict immigrants' access to fee waivers under 8 C.F.R. § 103.7(c) by eliminating individuals' ability to apply for waivers based on their receipt of means-tested benefits,

mandating use of a USCIS form, and requiring that immigrants support fee-waiver applications with specific types of documents, often including tax transcripts or similar documents that must be obtained from the Internal Revenue Service (IRS). *See* Dkt. 9 at 12-15 (¶¶ 59-69); Dkt. 11 at 17-19.

USCIS linked the fee-waiver changes to its schedule of fees. In a June 2019 notice regarding the form change, USCIS equated fee waivers with foregone revenue to the agency and stated: "USCIS has determined that without changes to fee waiver policy it will continue to forgo increasing amounts of revenue as more fees are waived. As a result, USCIS expects that DHS will be required to increase the fees that it charges for benefit requests for which fees are not waived." 84 Fed. Reg. 26,137, 26,138 (June 5, 2019).

On November 14, 2019, DHS published a proposed rule to increase USCIS fees and narrow eligibility for fee waivers. Regarding the proposed fee-waiver changes, the proposal stated that DHS was "codify[ing]" some of what had been "provided in the previous Form I-912 notice." 84 Fed. Reg. 62,280, 62,299 (Nov. 14, 2019) (Fee Proposal).

Then, on August 3, 2020, DHS published its final rule in the Federal Register and set an effective date of October 2, 2020. 85 Fed. Reg. 46,788 (2020 Fee Rule). The rule adopts nearly all of the changes that DHS had proposed. *Id.* at 46,790. Like USCIS's October 2019 fee-waiver actions, the 2020 Fee Rule limits fee waivers to applicants who use a USCIS form and obtain required documentation, generally including a tax transcript or other document from the IRS. It also extends USCIS's approach by eliminating even more categories of fee-waiver eligibility. Under the Rule, individuals seeking or holding certain specialized forms of humanitarian protections remain eligible for fee waivers, but only if their income is at or below 125 percent of the federal poverty guidelines. *See id.* at 46,920 (to be codified at 8 C.F.R. § 106.3(a), (c), (d), (f)).

In response to comments, DHS defended the near elimination of fee waivers as necessary to limit fee increases, increase the number of immigrants paying for USCIS applications, and reduce the dollar amount of fees waived. *See, e.g.*, *id.* at 46,806, 46,818. The 2020 Fee Rule also creates new USCIS fees, eliminates prior fee exemptions and caps on fee waivers, and raises a number of fees. The naturalization fee nearly doubles, to $1,170 for a paper filing. Asylum-seekers will now face multiple new charges, including a new $50 application fee and a new $550 employment authorization fee. Some fees increase by more than 500 percent. *See id*. at 46,791-92 (new fee schedule); 46,844-853 (discussing new asylum fees).

**C.  History of this litigation**

On October 31, 2019, plaintiff Northwest Immigrant Rights Project (NWIRP) filed this suit to challenge the October 2019 fee-waiver actions. NWIRP alleged that the form change was a legislative rule that was adopted in violation of Administrative Procedure Act (APA) notice-and-comment rulemaking requirements. It also alleged that, under the APA, USCIS's actions were arbitrary, capricious, an abuse of discretion, contrary to law, or taken without observance of required procedure, on multiple other grounds. *See* Dkt. 9 at 23-27. NWIRP filed a motion for summary judgment on December 12, 2019, *see* Dkt. 11, and briefing on plaintiff's motion and defendant's cross motion was complete on March 27, 2020, *see* Dkt. 31. In briefing, USCIS sought to link the October 2019 fee-waiver actions and DHS's 2020 Fee Rule. USCIS counsel suggested the 2020 Fee Rule was "effectively" a "remand to the agency" of the October 2019 fee-waiver actions. Dkt. 25-1 at 55.

In a case pending in the U.S. District Court for the Northern District of California, the court issued a preliminary injunction in December 2019, enjoining the 2019 fee-waiver actions; that injunction remains in place. *See* Nationwide Preliminary Injunction, *City of Seattle v. DHS*, No.

3:19-cv-07151-MMC (N.D. Cal. Dec. 11, 2019), ECF No. 65; Joint Status Report; Order Extending Stay; Directions to the Parties, *City of Seattle* (N.D. Cal. Aug. 17, 2020), ECF No. 64.

**D. Proposed complaint**

NWIRP seeks to amend and supplement its complaint in light of recent events. First, the proposed complaint adds claims against the 2020 Fee Rule and related facts. NWIRP alleges the rule was adopted in violation of the APA's notice-and-comment rulemaking requirements, is arbitrary and capricious, and was adopted in excess of DHS's statutory authority and contrary to the Federal Vacancies Reform Act (FVRA), 5 U.S.C. §§ 3345-3349, and the Homeland Security Act (HSA), 6 U.S.C. § 113(g), which limit which individuals may serve as acting DHS officials. NWIRP also alleges that the rule violates the INA, including by requiring documentation unavailable to some immigrants and thus barring applications from some individuals whom, under statute, DHS must permit to apply. *See* Ex. A at 69-73 (Prop. Compl. ¶¶ 256-285).

Second, consistent with the new claims against the 2020 Fee Rule, NWIRP alleges that the October 2019 fee-waiver actions were also adopted in violation of or in excess of authority under the FVRA, and that the fee-waiver form change violates the INA and existing fee-waiver regulation by requiring documentation unavailable to some immigrants. *See id.* at 68, 71-73 (Prop. Compl. ¶¶ 251-255, 274-285).

Additionally, NWIRP seeks to add as defendants USCIS's parent agency, DHS, and two DHS officials, in their official capacity. It also seeks to add two plaintiffs, CASA de Maryland and Ayuda, that are both injured by the 2020 Fee Rule, as well as the October 2019 fee-waiver actions. *See id.* at 4-5, 59-64 (Prop. Compl ¶¶ 12-14, 16-17, 207-225).

**LEGAL STANDARD**

NWIRP brings this motion pursuant to Rule 15(a), to the extent it seek to amend its complaint with respect to matters that occurred prior to the filing of the original pleading, and Rule 15(d), to the extent it seeks to supplement the complaint with allegations relating to matters that occurred after filing. *See Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) (explaining the difference between Rule 15(a) and Rule 15(d)). "Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard," *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008), and can be used to add claims and parties, *see Powell v. IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017); *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 2–3 (D.D.C. 2006).[2] Such motions are to be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall*, 437 F.3d at 101 (citation omitted); *see also Xingru Lin v. District of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016) ("[T]he decision 'is within the discretion of the district court, but leave should be freely given unless there is a good reason, such as futility, to the contrary.'").

**ARGUMENT**

Plaintiff's proposed complaint will enable the parties' dispute regarding closely related actions to remain in the same suit. All factors weigh in favor of permitting the proposed changes to the complaint.

---

[2] Rule 21 also permits a court to "at any time, on just terms, add … a party." Whether under Rule 21 or Rule 15, "the standards for adding parties are the same." *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013) (citation omitted).

First, the proposed complaint "will promote the economic and speedy disposition of the entire controversy between the parties," *Hall*, 437 F.3d at 101. "[E]ven with the new addition, the case remains an action" with the same goal: to halt DHS's efforts that make it more difficult for immigrants to pay for immigration benefits. *Powell*, 263 F. Supp. 3d at 7 (permitting addition of claim regarding new Privacy Act and Freedom of Information Act requests when case "remains an action to obtain particular pieces of … information"). And because the October 2019 fee-waiver actions and the 2020 Fee Rule have overlapping purposes and "raise[] similar legal issues," amendment and supplementation serve "[t]he interests of judicial economy and convenience … thereby averting a separate, redundant lawsuit." *Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007); *see also Xingru Lin*, 319 F.R.D. at 2-3 (granting motion to supplement and add claims regarding new interactions between plaintiff and city police, when the "alleged incidents" "share a number of similarities" and thus "there is a sufficient degree of connection between Plaintiff's original pleading and these newly alleged events").

Courts have repeatedly allowed plaintiffs to file new complaints in circumstances like these, when agencies issue new rules or other actions addressing the topic at issue. *See, e.g., Zukerman v. USPS*, 961 F.3d 431, 435 (D.C. Cir. 2020) (recognizing supplementation of complaint after agency defendant adopted new rule regarding subject of lawsuit); *Bauer v. DeVos*, 325 F. Supp. 3d 74, 79 (D.D.C. 2018) (recognizing amendment of complaints to address series of agency actions to delay implementation of an earlier rule); *U.S. Ass'n of Reptile Keepers, Inc. v. Jewell*, 103 F. Supp. 3d 133, 140 (D.D.C. 2015) (recognizing amendment of complaint to add new claims and four plaintiffs after agency adopted new rule extending approach of first challenged rule to additional animal species), *aff'd sub nom. U.S. Ass'n of Reptile Keepers, Inc. v. Zinke*, 852 F.3d 1131 (D.C. Cir. 2017).

Here, combining the parties' claims into one action is particularly appropriate because the alternative of two cases would lead to repetitive briefing and the risk of incomplete disposition of the parties' dispute. If the parties were required to address the 2020 Fee Rule in another case, they would likely need to repeat aspects of their briefing on the October 2019 fee-waiver actions, as the proposed rule indicated that DHS sought to codify aspects of those actions. Indeed, the 2020 Fee Rule repeats reasoning asserted by USCIS in adopting the earlier actions. *E.g., compare* 85 Fed. Reg. at 46,824 (in discussing the requirement that fee-waiver applicants be required to submit tax transcripts, asserting that transcripts are "easily requested"; that the agency "cannot accept incomplete copies of tax returns"; and that the requirement will reduce rejections), *with* AR247 (¶ 14) (similar). And if NWIRP were forced to split its claims into separate cases, it might not receive complete relief by prevailing in one suit alone: vacating one action (or set of actions) would leave the fee-waiver restrictions and other measures imposed by the other.

Second, NWIRP's proposed complaint will not cause undue delay or prejudice to USCIS. Because Plaintiff brings this motion less than three weeks after the 2020 Fee Rule was published, the claims against the new action and the addition of plaintiffs are timely.[3] The other amendments also will not cause any undue delay. The new claims regarding the 2019 actions are cognates of claims regarding the 2020 Fee Rule and will likely involve overlapping briefing, making it efficient to keep them all in this case. *See* Ex. A at 68, 71-72 (Prop. Compl. ¶¶ 251-255, 264-266, 274-285); *cf. Fund for Animals*, 246 F.R.D. at 54-56 (permitting supplement that adds seven plaintiffs, as

---

[3] The requirements of Federal Rule of Civil Procedure 20(a), for permissive joinder, are also satisfied here, as the proposed claims would be brought by all plaintiffs, the 2019 actions are DHS and USCIS actions, and the agency officials named as defendants are those responsible for the actions at issue.

well as challenges to three additional rules). Further, USCIS can make no claim of prejudice. In this context, prejudice means "denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *Does I through III v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011) (citation omitted). The parties' prior cross-motions remain pending, and the parties will have a full opportunity to develop and brief the new claims.

Third, NWIRP's proposed amendments and supplements are not futile. Here, the complaint adequately alleges that the 2020 Fee Rule has failed to comply with the APA's notice-and-comment rulemaking procedures, 5 U.S.C. § 553, and thus was adopted "without observance of procedure required by law," *id.* § 706(2)(D). To comply with these requirements, an agency must "'identify and make available technical studies and data that it has employed'" and "provide an accurate picture of the reasoning that has led the agency to the proposed rule." *Shands Jacksonville Med. Ctr. v. Burwell*, 139 F. Supp. 3d 240, 261-62 (D.D.C. 2015) (citation omitted). Additionally, an agency cannot promulgate a final rule that differs from the proposal in a way that "affected parties" could not "have anticipated." *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1107 (D.C. Cir. 2014). The proposed complaint alleges that DHS violated these requirements by publishing a proposal that did not allow interested parties to meaningfully comment, including because the proposal omitted data on which the agency relied, and by finalizing a rule that includes unanticipated new provisions and rationales. *See* Ex. A at 69 (Prop. Compl. ¶¶ 256-261).

The proposed complaint also adequately alleges that the 2020 Fee Rule violates the INA. The INA restricts the costs that DHS can seek to recover through immigration application fees, 8 U.S.C § 1356(m); requires DHS to enable certain individuals to apply for fee waivers, *id.* § 1255(*l*)(7); and mandates that immigrants satisfying statutory criteria receive certain benefits, without making their financial circumstances a factor, *id.* §§ 1186a(c)(3), 1452(a). The proposed

9

complaint alleges that DHS violated these requirements by seeking to recover inappropriate costs, effectively prohibiting fee-waiver applications from individuals when required documentation is unavailable, and making mandatory benefits unavailable to individuals who cannot afford to pay required fees. Ex. A. at 69-70 (Prop. Compl. ¶¶ 262-269). Similarly, the proposed complaint alleges that the 2019 fee-waiver actions violate the INA's fee-waiver requirement and DHS's existing fee-waiver regulation by effectively prohibiting applications from individuals to whom required documentation is unavailable. *See* Ex. A at 68 (¶¶ 251-255).

Furthermore, the proposed complaint adequately alleges that the 2020 Fee Rule is arbitrary and capricious under the APA, 5 U.S.C. § 706(2)(A). Action is arbitrary and capricious when the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Thus, action is arbitrary and capricious when an agency "fail[s] to engage in reasoned decisionmaking," including by not "reasonably reflect[ing] upon the information contained in the record," *Fred Meyer Stores, Inc. v. NLRB*, 865 F.3d 630, 638 (D.C. Cir. 2017), or by relying on conclusory, unexplained, or unsupported statements, *see Amerijet Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1350 (D.C. Cir. 2014); *Int'l Union, United Mine Workers of Am. v. Mine Safety & Health Admin.*, 626 F.3d 84, 93-94 (D.C. Cir. 2010). Here, as alleged in the proposed complaint, DHS relied on unreasonable and unsupported budget estimates and inappropriate policy considerations, adopted new restrictions on fee-waiver eligibility and other regulatory changes based on unsupported and conclusory statements, failed to consider the extensive evidence submitted by commenters regarding the harm its rule would cause, and

10

otherwise failed to provide reasoned analysis. *See* Ex. A at 71 (Prop. Compl. ¶¶ 270-273); *see also id.* at 34-51 (¶¶ 125-178).

Finally, the proposed complaint adequately alleges that 2020 Fee Rule and October 2019 fee-waiver actions are ultra vires and without force or effect, under the FVRA and HSA, as well as "not in accordance with law," "in excess of statutory … authority," or "without observance of procedure required by law" under the APA, 5 U.S.C. § 706(2)(A), (C), (D), because DHS adopted them in violation of restrictions on which individuals can serve in acting positions within DHS. *See* Ex. A at 71-73 (Prop. Compl. ¶¶ 274-285). The Fee Rule was, among other things, proposed by acting secretary Kevin K. McAleenan and adopted by acting secretary Chad F. Wolf, neither of whom was properly serving as acting secretary under the FVRA and HSA. *See* GAO, *Homeland Security*, File B-331650, at 4-11 (Aug. 14, 2020), https://www.gao.gov/assets/710/708830.pdf. Further, the October 2019 fee-waiver actions were adopted by acting USCIS director Kenneth T. Cuccinelli, who also serving in violation of the FVRA. *See L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 35-36 (D.D.C. 2020). *See generally* Ex. A at 51-53 (Prop. Compl. ¶¶ 179-190).

## CONCLUSION

For the above-stated reasons, the Court should grant plaintiff's motion for leave to file an amended and supplemental complaint.

Dated: August 21, 2020                              Respectfully submitted,

 /s/ Rebecca Smullin

| | |
|---|---|
| Matt Adams (WSBA No. 28287) | Rebecca Smullin (D.C. Bar No. 1017451) |
| Aaron Korthuis (WSBA No. 53974) | Adina H. Rosenbaum (D.C. Bar No. 490928) |
| Northwest Immigrant Rights Project | Michael T. Kirkpatrick (DC Bar No. 486293) |
| 615 Second Avenue, Suite 400 | Public Citizen Litigation Group |
| Seattle, WA 98104 | 1600 20th Street NW |
| 206-957-8611 | Washington, DC 20009 |
| | 202-588-1000 |