IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of Homeland Security, and UR M. JADDOU, in her official capacity as Director of United States Citizenship and Immigration Services, <br><br> Defendants. | Case No. 19-cv-03283-RDM |

**JOINT STATUS REPORT**

The parties submit this joint status report pursuant to the Court's May 13, 2021 minute order:

1. As explained in the parties' February 12, 2021 and May 13, 2021 joint status reports, ECF Nos. 99 & 100, Executive Order 14,012, "Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans," 86 Fed. Reg. 8,277 (Feb. 5, 2021) (the "EO"), directed defendant the Secretary of Homeland Security to undertake a review of, among other things, the 2020 Final Rule at issue in this litigation and the fee waiver process.

2. Defendants state that DHS is currently conducting a fee review and that any final rule resulting from that review would adjust U.S. Citizenship and Immigration Services ("USCIS") fees and the USCIS fee waiver policy and, if advanced, could resolve this litigation. In June 2021, the Office of Management and Budget, Office of Information and Regulatory Affairs released the Spring 2021 Unified Agenda of Regulatory and Deregulatory Actions ("Unified Agenda"). The Unified Agenda reports on the actions administrative agencies plan to issue in the near and long term. The Unified Agenda contains an entry relating to the 2020 Final Rule, which states that DHS "will propose to

adjust the fees charged by U.S. Citizenship and Immigration Services (USCIS) for immigration and naturalization benefit requests," and that "[t]his rule would rescind and replace the changes made by the [2020 Final Rule] and establish new USCIS fees to recover USCIS operating costs," and listed a November 2021 target date for the publication of a Notice of Proposed Rulemaking ("NPRM") to that effect. *See* Off. of Mgmt. & Budget, Off. of Info. & Regulatory Affairs, Unified Agenda of Regulatory & Deregulatory Actions (Spring 2021), RIN 1615-AC68, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202104&RIN=1615-AC68 (last accessed September 5, 2021). DHS will provide updates to the public, including estimated publication dates, on all of its rulemakings in the upcoming Fall 2021 Unified Agenda of Regulatory and Deregulatory Actions.

3. In light of this Court's October 8, 2020 Order granting plaintiffs' motion for a postponement of the effective date and stay of implementation or enforcement of the 2020 Final Rule pursuant to 5 U.S.C. § 705 and for a preliminary injunction barring implementation or enforcement of the 2020 Final Rule, ECF No. 86; the order entered by the U.S. District Court for the Northern District of California enjoining, on a nationwide basis, the implementation or enforcement of the fee waiver revisions announced by USCIS in 2019, and challenged in this case, *see* ECF No. 65 in *City of Seattle v. DHS*, 3:19-cv-7151-MMC (N.D. Cal., Dec. 11, 2019) ("2019 Preliminary Injunction Order"); and the EO, and in the interests of judicial economy, the parties have conferred and agreed to jointly request that the Court continue the stay in this case and hold all proceedings in abeyance to allow for further regulatory development. In addition to and notwithstanding their continued compliance with the 2019 Preliminary Injunction Order, defendants agree to hold in abeyance any implementation or enforcement of the fee waiver revisions announced by USCIS in 2019 and challenged in this case, through February 14, 2022.[1]

---

[1] "Fee waiver revisions" refers to all of the agency actions challenged in this case, other than the 2020 Final Rule.

4. Additionally, the parties have conferred and agreed to jointly request that, should the current stay be continued, the parties be permitted to file a joint status report by the earlier of January 14, 2022, or within two weeks of defendants either publishing in the Federal Register a notice of proposed rulemaking regarding a proposed new fee rule or advising plaintiffs that defendants have determined not to propose a new fee rule, indicating whether this case and all proceedings should continue to be held in abeyance or proposing a schedule for continuing the litigation.

Dated: September 10, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

JULIE STRAUS HARRIS
DC Bar No. 1021298
Senior Trial Counsel

/s/ Charles E.T. Roberts
CHARLES E.T. ROBERTS
PA Bar No. 326539
CHETAN A. PATIL
DC Bar No. 999948
KATE TALMOR
Maryland Bar
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 305-8628
Fax: (202) 616-8470
charles.e.roberts@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

/s/ Rebecca Smullin
Rebecca Smullin (D.C. Bar No. 1017451)
Adina H. Rosenbaum (D.C. Bar No. 490928)
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7714
rsmullin@citizen.org

*Counsel for All Plaintiffs*

Matt Adams (WSBA No. 28287)
Aaron Korthuis (WSBA No. 53974)
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
206-957-8611
matt@nwirp.org

*Counsel for Plaintiff Northwest*
*Immigrant Rights Project*

Laurie Ball Cooper (D.C. Bar No. 1017998)
Ayuda, Inc.
6925 B Willow Street NW
Washington DC 20012
202-349-0656
laurie.ballcooper@ayuda.com

*Counsel for Plaintiff Ayuda, Inc.*

Nicholas Katz (MD Bar No. 1812100006)
CASA de Maryland, Inc.
8151 15th Avenue
Hyattsville, MD 20783
240-491-5743
nkatz@wearecasa.org

*Counsel for Plaintiff CASA*
*de Maryland, Inc.*

4